**In re Anonymous Nos. 78 D.B. 88 and 106 D.B. 88**

Disciplinary Board Docket Nos. 78 D.B. 80 and 106 D.B. 88.

POWELL, *Member,* May 24, 1991—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## HISTORY OF PROCEEDINGS

The Pennsylvania Supreme Court issued an order on July 15, 1988, immediately suspending respondent from the practice of law. The order was entered in accordance

with Rule 214(d)(1), Pa.R.D.E., on the basis of respondent's conviction in the U.S. District Court for the [    ] District of Pennsylvania in violation of 18 U.S.C. §1073. As a result of this conviction, respondent was sentenced to a 302-day sentence with credit for time served from November 5, 1987, as well as a $10,000 fine and $50 special assessment charge.

In addition, the Supreme Court issued an order dated October 5, 1988 in accordance with Rule 214(d)(1), Pa.R.D.E. on the basis of respondent's second and third convictions in the U.S. District Court for the [    ] District of Pennsylvania in violation of 18 U.S.C. §371 and income tax evasion in violation of 26 U.S.C. §7201. Respondent was sentenced to five years' imprisonment and fined $100,000 on the conspiracy conviction (Count I), and on the income tax evasion conviction (Count VII) respondent was sentenced to one year imprisonment, to run consecutively to the sentence imposed under Count I.

On September 8, 1989, in regard to the first criminal conviction, the Office of Disciplinary Counsel filed a petition for discipline, docketed at No. 78 D.B. 88. The petition charged that respondent's criminal conviction for unlawful traveling in interstate commerce to avoid prosecution constituted a basis for discipline, pursuant to Rule 207(b)(2) and (3) and in compliance with Rule 208(b)(1), Pa.R.D.E. Respondent filed his answer to the petition for discipline on September 29, 1989.

On April 18, 1990, in regard to the second and third criminal convictions, the Office of Disciplinary Counsel filed a second petition for discipline, docketed at No. 106 D.B. 88. The petition charged that respondent's criminal convictions for conspiracy and tax evasion constituted a basis for discipline, pursuant to Rule 207(b)(2) and (3) and in compliance with Rule 208(b)(1), Pa.R.D.E.

Respondent filed his answer to the petition for discipline on May 10, 1990.

The consolidated matters were referred to Hearing Committee [    ], which was chaired by [    ].

On both December 26, 1989 and July 16, 1990, the requests of the Hearing Committee for continuances of the hearing were granted.

A prehearing conference was held on June 27, 1990. Hearings were held on July 16 and August 1, 1990, at which respondent was present and represented himself. The committee found that his three criminal convictions constituted a basis for imposing discipline pursuant to Rule 203(b)(1), Pa.R.D.E.

On September 12, 1990, the Office of Disciplinary Counsel filed a brief to Hearing Committee [    ]. Subsequently, respondent's brief to Hearing Committee [    ] was filed on October 1, 1990.

On December 10, 1990, Hearing Committee [    ] filed its report and recommended that respondent be suspended from the practice of law for a period of five years, commencing forthwith.

On December 31, 1990, respondent filed a brief on exceptions, in which respondent advocated that the board modify the period of suspension downward to a just and reasonable level, based on existing mitigating factors.

The matter was adjudicated at the March 8, 1991 meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## FINDINGS OF FACT

(1) Petitioner, whose principal office is situated at Commerce Building, 300 North Second Street, Third Floor, Harrisburg, Pa., is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement,

with the power and duty to investigate all matters involving alleged misconduct of any attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of said Rules of Disciplinary Enforcement.

(2) Respondent, [     ], is a formerly admitted attorney in the Commonwealth of Pennsylvania, and he resides at [     ]. Respondent was born in 1936 and was admitted to practice law in the Commonwealth of Pennsylvania in 1963.

(3) On December 3, 1987, a federal indictment was filed in the U.S. District Court for the [     ] District of Pennsylvania, at Criminal no. [     ]. Respondent was charged with willfully, knowingly, and unlawfully moving and traveling in interstate and foreign commerce with the intent to avoid prosecution for the felonies of forgery in violation of Title 18, U.S.C. §1073. The charge extended from in or about December 1986 and continued through November 5, 1987.

(4) On April 1, 1988, a jury convicted respondent on the charge. He was sentenced to a 302-day sentence, with credit for time served from November 5, 1987, as well as a $10,000 fine and $50 special assessment charge. Also, pursuant to Rule 214(d), Pa.R.D.E., respondent was suspended from the practice of law on July 5, 1988.

(5) On September 29, 1989, the government appealed to the U.S. Court of Appeals on resentencing and the court did not impose a fine on the respondent, but the 302-day sentence was upheld.

(6) In a separate matter, on December 3, 1987, an indictment with two counts against the respondent, was filed in the U.S. Court for the [     ] District of Pennsylvania at Criminal no. [     ]. Count I charged respondent and four other individuals with conspiracy to defraud the

United States by obstructing the lawful functions of the Internal Revenue Service, in violation of Title 18 U.S.C. §371. Count VII charged respondent with income tax evasion as to the calendar year 1984, in violation of Title 26 U.S.C. §7201.

(7) On August 18, 1988, the following sentence was imposed on the respondent: As to Count I, respondent was given a five-year sentence, and was directed to pay a $100,000 fine and $50 special assessment charge. As to Count VII, respondent was given a one-year sentence to run consecutively with Count I's sentence. Also, under Count VII, respondent was directed to pay counsel fees and a $50 special assessment charge.

(8) From November 5, 1987 to September 1990, respondent was incarcerated. After this almost three-year period, respondent was paroled and placed on probation until November 3, 1993.

(9) Respondent became involved in various dealings in coin-operated amusement machines. Respondent and others perpetrated a series of cash transactions, agreements, business transactions, accounts, shell corporations, and property transfers which hindered the efforts of the Internal Revenue Service and others in tracking the ownership of and income generated by the amusement machine business.

(10) Respondent was acquitted of the underlying crime which was the basis of the unlawful travel of flight conviction. He knew that a theft charge would be entered, but believing that this action would not commence for several months, openly and without concealment, took a vacation which he had previously planned. The charge against respondent was entered while he was away, not prior to his departure.

(11) Respondent was also charged with tax evasion, in which he was charged with not reporting profits on

his 1984 tax return. In actuality, respondent received the profits in 1985. Respondent's 1985 tax return indicates that he also reported the profits and received a tax credit in 1985.

(12) Respondent's final charge concerns conspiracy to defraud the United States. Respondent was aided by his undesirable partner, Mr. [A], who failed to report any income, fled the country with millions of dollars, and has not been heard from since.

## DISCUSSION

Respondent was convicted of the following three crimes: unlawful travel in interstate commerce to avoid prosecution, in violation of 18 U.S.C. §1073; income tax evasion, in violation of 26 U.S.C. §7201; and conspiracy to defraud the United States by obstruction of Internal Revenue Service functions, in violation of 18 U.S.C. §371. All three convictions are federal felonies, thereby constituting grounds for conviction under Rule 203(b)(1), Pa.R.D.E. Thus, the sole issue before this board is the appropriate measure of discipline to be imposed.

The Disciplinary Board concludes that the respondent's discipline should be a five-year suspension retroactive to the date of his suspension by the Supreme Court on July 15, 1988. This conclusion is based on the analysis of the following cases.

Although it is reprehensible that an attorney is brought before the board for a criminal conviction, it is not mandatory that the court order the attorney to be disbarred. *In re Anonymous No. 53 D.B. 75,* 4 D.&C.3d 694 (1977). In that case, the respondent was convicted of mail fraud. For this felony conviction, respondent was disciplined with a four-year suspension retroactive to the court's issuance of a prior suspension. Even though disbarment

was an appropriate sanction for an attorney's fraud conviction, the court held that it was proper to consider mitigating factors in determining the appropriate sanction. In doing so, the court ordered that the respondent be suspended and not disbarred.

In *In re Anonymous No. 21 D.B. 78,* 10 D.&C.3d 65 (1978), the respondent was brought before the court of common pleas on a forgery charge. The Supreme Court of Pennsylvania accepted the Disciplinary Board's recommendation of a retroactive suspension. In determining that imposition of discipline, some of the mitigating factors which were considered included the following: Respondent's candor in taking responsibility for his actions, impressive character testimony, and his otherwise unblemished disciplinary record.

In the matter at issue, there are also mitigating factors which weigh in favor of the respondent. His past record indicates that he practiced law for over 20 years with an unblemished record. Furthermore, respondent acknowledged responsibility for his actions and has been cooperative with the Office of Disciplinary Counsel. The fact that his intelligence and creativity were overcome by greed has been admitted by the respondent; however, he stresses that each of the three charges brought against him have their own separate mitigating factors.

First, in the flight conviction, the respondent was acquitted of the state charges from which he allegedly "fled"; he was out of the country before a theft claim was brought against him.

Second, in the tax evasion conviction, the respondent was found not to be guilty of concealing profits from the Internal Revenue Service. Instead, he merely reported the profits in the wrong year.

Third, in the conspiracy conviction, although respondent urged his co-defendant to file a tax return for profits

earned, the co-defendant fled the jurisdiction. The respondent received no benefits from this operation. These factors mitigate the felony charges of the respondent and suggest that a retroactive suspension beginning July 15, 1988, is the appropriate remedy.

A criminal conviction against an attorney which does not involve harm to clients and which is accompanied by substantial mitigating factors is a situation in which suspension has been deemed appropriate. *In re Anonymous No. 53 D.B. 81,* 21 D.&C.3d 673 (1982), illustrates such a situation. The respondent was convicted of failing to file his personal income tax return for 1976, 1977 and 1978. The court considered mitigating factors, such as the fact that respondent had practiced for over 20 years without a claim being brought against him. He had taken part in the community as evidenced by his participation as a borough solicitor and counsel for a school board. Also, he complied with his suspension order, paid a fine, and served time in prison. The Supreme Court of Pennsylvania's final determination was to reinstate the respondent after he had completed his period of suspension.

In the matter at hand, the respondent was convicted of three felony charges that do not directly involve harm to any clients he has ever represented. This is the first time he has been brought before the board for an offense; he has been a long-time practicing attorney in good standing. Respondent's honesty and trustworthiness have not been marred and he has not lost the confidence of his professional associates or clients.

In contrast to the affirmative cases, some courts have issued disbarment for a felony case. Such a situation arose in *Office of Disciplinary Counsel v. Ewing,* 496 Pa. 35, 436 A.2d 139 (1981). In that case, the respondent was convicted of ongoing and cumulative violations involving substantial sums of money. The court held that

his convictions for multiple counts of mail fraud were so heinous that only disbarment would serve justice.

The instant proceeding can be distinguished in that the respondent was not convicted of many charges which were over a period of years. The respondent's convictions were not on-going either, as in the case of *Ewing, supra.*

In some instances, an attorney's crimes are so grave that the surrounding circumstances do not outweigh the need for the strictest discipline. When an attorney's actions undermine the public's confidence in the judicial system, an attorney will be disbarred to maintain the integrity of the bar. *In re Anonymous No. 22 D.B. 76,* 4 D.&C.3d 685 (1977). In that case, the respondent smuggled gold into the United States and transferred counterfeit bills for a period of six months. Although many witnesses testified as to respondent's good character and reputation, the court ordered disbarment. The judgment was based on the fact that respondent's deliberate conspiracy plan to obtain unlawful profits had substantially affected his ability to represent clients.

The present case can be distinguished since the respondent's charges did not involve taking advantage of his clients. His conduct always demonstrated the utmost concern for his clients' best interests. Thus, retroactive suspension imposed upon the respondent would not compound his offense.

In conclusion, based upon respondent's unblemished 20-year record in the practice of law and the mitigating factors, the board finds that the conduct of respondent in this case does not warrant disbarment. It is recommended that the convictions are weighed against the substantial mitigating factors and that an order suspending respondent for a period of five years, retroactive to July 15, 1988, be issued.

## CONCLUSIONS OF LAW

Respondent's federal convictions in violating 18 U.S.C. §1073, 18 U.S.C. §371 and 18 U.S.C. §7201 constitute a basis for this discipline, pursuant to Rule 203(b)(1), Pa.R.D.E.

## RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [    ], be suspended from the practice of law for a period of five years, retroactive to July 15, 1988.

It is further recommended that the court direct that respondent pay all the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 208(g), Pa.R.D.E.

Board Members Schiller, Eckell, Hill, McGivern and Lieber dissented and would recommend disbarment.

Messrs. Gilardi and Brown recused themselves.

Mr. Paris did not participate in the adjudication.

## ORDER

And now, November 6, 1992, the court being equally divided, it is hereby ordered that the rule entered by this court on November 26, 1991, is discharged, respondent is suspended from the bar of this Commonwealth for a period of five years, retroactive to July 15, 1988, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Messrs. Justice Zappala and Cappy would accept the Disciplinary Board's recommendation.

266

Messrs. Justice Larsen and Papadakos did not participate in this matter.

Mr. Chief Justice Nix and Mr. Justice Flaherty dissent and would enter an order disbarring respondent.